No. 2183

Second Circuit

JACKSON, KISER & MEYER v. SHREVEPORT PRODUCING & REF. CORP.

(April 8, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Evidence—Par. 211, 337.

An instrument offered in evidence without any valid objection is properly considered by the court.

**2. Louisiana Digest—Estoppel—Par. 37.**

Where A is responsible for a fire causing damage to B's property, a compromise settlement between A and B without notice to A that B had assigned his claim to the insurer will be a bar to any claim which the insurer may have against A under an assignment by B to the insurer of all his rights thereunder.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Jackson, Kiser & Meyer against Shreveport Producing & Refining Corporation.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellant.

John B. Files, of Shreveport, attorney for defendant, appellee.

WEBB, J.  The plaintiff, Jackson, Kiser & Meyer, a partnership engaged in the business of writing fire insurance, alleges that it had executed a policy in favor of Steele & Lindley covering certain automobiles and that the property insured had been damaged by fire caused by the fault and negligence of the defendant, Shreveport Producing & Refining Corporation; that it was obliged to pay and did pay the insured, Steele & Lindley, the damage sustained by the property, and that plaintiff was expressly and legally subrogated to the rights of Steele and Lindley against defendant to the amount paid; and it brought this action to obtain judgment against defendant accordingly.

The defendant answered, pleading a general denial, and in the alternative that it had adjusted and compromised any and all claims that Steele & Lindley could have against it as the result of any negligence on its part; and on trial judgment was rendered against plaintiff, rejecting its demands with costs, from which judgment it appeals.

OPINION

The only ground which plaintiff urges for the reversal of the judgment is that the court erred in considering the instrument under private act evidencing the compromise agreement and settlement between defendant and Steele & Lindley, which was offered in evidence without the signatures of the parties being proven; while defendant contends that the judgment was correct on various other grounds going more or less to the failure of plaintiff to establish its case.

The only objection made by plaintiff to the introduction of the instrument under private act which evidenced the compromise agreement was that it was irrelevant, and the objection was not sustained, and the instrument was offered in evidence; but the signatures were not proven and it is urged that the signatures not having been proven the instrument could not be considered.

The instrument having been offered in evidence without any valid objection, we think it was properly considered (Otto Knoop Lmbr. & Realty Co. vs. Durning, 10 Or. App. 312), and it not being shown that the defendant had any notice of any assignment which may have been made by Steele & Lindley to plaintiff at the time of the compromise settlement, the settlement was a bar to any action by Steele & Lindley or their assigns, if notice was necessary and the compromise settlement included the claim alleged to have been assigned to plaintiff.

Counsel do not claim that defendant could not compromise with Steele & Lindley for any claim which Steele & Lindley may have had against it so long as defendant was unaware of any assignment of such claim by Steele & Lindley to plaintiff or others; nor is it argued that the claim assigned to plaintiff by Steele & Lindley was not included in the compromise settlement between defendant and Steele & Lindley; and conceding that plaintiff had a valid assignment as between it and Steele & Lindley and that defendant was responsible for the fire, we are of the opinion that the compromise settlement made by defendant with Steele & Lindley without knowledge or notice that the latter had assigned its claim to plaintiff was a bar to any claim by plaintiff under the assignment.

The judgment appealed from is therefore affirmed.