## MARYLAND CASUALTY CO. v. MULLER

(January 21, 1929. Opinion and Decree.)

Harry L. Hammett, of New Orleans, attorney for plaintiff, appellant.

Emile Pomes, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This is a suit by Maryland Casualty Company as subrogee of Vincent R. Perrin against August R. Muller.

Plaintiff had issued to Perrin a policy of collision insurance which stipulated that in the event of damage by collision to Perrin's Dodge sedan, the Company would pay to him the amount of his loss, less a deduction of $100.00, and would by such payment become subrogated up to the amount of the payment to such rights as Perrin had against such third party or parties as might be legally liable for the loss.

On March 14, 1925, the Dodge sedan of Perrin was almost demolished as a result of a collision with a Ford sedan belonging to defendant and driven by his minor son, Alvin Muller.

The accident took place at the corner of North Lopez and DeSoto Streets, New Orleans.

The Dodge car was proceeding up North Lopez Street and the Ford car was going in DeSoto Street. After the accident both

cars were stopped in North Lopez Street, a few feet above the property line of De-Soto Street and on the river side of that street. The Dodge was a few feet further uptown than the Ford. Defendant strongly urges that his exception of no cause of action should be sustained and this suit dismissed. This exception is directed at the failure of plaintiff to obtain a written subrogation from Perrin at the time payment was made to him under the policy. Exceptor cites Civil Code, Article 2160, which reads, in part, as follows:

"When the creditor receiving his payment from a third person, subrogates him in his rights, actions, privileges and mortgages against the debtor, this subrogation must be expressed, and made at the same time as the payment."

It is not disputed that no subrogation was taken at the time of payment. Plaintiff explains this omission by producing and filing in evidence the policy which contains the following specific stipulation:

"In case of payment of loss and/or expense under this Policy the Company shall be subrogated to all rights of the Assured to the extent of such payment, and the Assured shall execute all papers required and shall co-operate with the Company to secure to the Company its rights."

Plaintiff contends that Civil Code, Article 2160, does not prevent the stipulation in advance of payment that payment shall ipso facto operate as a subrogation, and that the article was intended to prevent not an antecedent subrogation or agreement to subrogate, but only a subsequent one. The jurisprudence of this State in this regard seems to be with plaintiff. Our Supreme Court in Cooper et al. vs. Jennings Refining Co., 118 La. 181, 42 So. 766, said, in a syllabus by the court:

"When Article 2160, Civ. Code, says of conventional subrogation that 'it must be made at the same time as the payment,' it simply means that the agreement of subrogation cannot be entered into after the payment. It does not mean that it cannot be entered into before the payment, as where the agreement is that, in case the party pays the debt at any time in the future, he shall be subrogated to all the rights of the creditor. Where the distinct understanding is that the payment will be made only on the condition of subrogation, the mere sending of a check in payment of the debt, without anything further being said about subrogation, will operate the subrogation."

This seems to dispose of the exception which, under the authority cited, is now overruled.

On the merits, however, we are inclined to the view that the drivers of both cars were at fault, and that the fault of each contributed proximately to the accident. Plaintiff argues that the City Traffic Ordinance should not have been admitted in evidence for two reasons: First, because the case had been closed before it was offered in evidence; and, second, because it was not properly attested or proved. We do not find it necessary to pass on the rulings of the trial judge on the admission of this evidence, for, even without taking into consideration the question of who had the right of way, we feel that the negligence of the driver of the Perrin car was to some extent responsible for the accident, and conceding that the driver of defendant's car was guilty of negligence, this, of course, would not entitle plaintiff to recover unless the driver of Perrin's car was without fault.

It seems impossible that the Perrin car could have been where Carl, its driver, claims it was just before the accident, because if it had been, as he claims, nearly three-fourths of the way across DeSoto Street, with its front wheels practically at the curb and with its right side on a line

only two feet from the line of the curb of North Lopez Street, he would not have swerved to his left, as he did in an effort to let defendant's car pass to his right, as he would have instinctively realized that there was no possibility of thus avoiding the impending crash.

The record leaves us convinced that the drivers approached the intersection each unmindful of the proximity of the other, and that at the last moment each became aware of the danger and swerved—one to the left, the other to the right. Both seem to have been at fault.

It is therefore ordered that the judgment of the lower court be and it is affirmed.