UNION AUTOMOBILE INS. CO. v. COX

(March 10, 1930. Opinion and Decree.)

Milner & Porteous, of New Orleans, attorneys for plaintiff, appellee.

Manning W. Heard, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff insurance company paid to the defendant A. S. Cox the sum of $100 "in full settlement of any claim" against it by reason of damage to defendant's automobile caused by a fire which occurred on the 28th day of April, 1926. At the time of the settlement of the loss, and in the same instrument evidencing the settlement, Cox subrogated the plaintiff to any claim he might have against the Associated Motors, Inc., to the extent of $100, the car having been burned while in their possession. Thereafter suit was brought on the subrogation against the Associated Motors, Inc., which successfully defended upon the ground that the fire was occasioned by a fortuitous event, and upon the further ground that Cox had suffered no loss as a result of the fire. Whereupon plaintiff instituted this suit setting up its unsuccessful efforts to recover on the subrogation, and alleging that the $100 had been paid to Cox in error on the faith of false representations to the effect that he had actually expended this sum in repairs to his car made necessary as a result

of the fire. The return of the $100 is prayed for plus $50 alleged to have been expended in court costs and attorney fees.

Defendant answered that the $100 paid him was by way of compromise and settlement and that, as to the subrogation, he was not aware that he had executed it, being unfamiliar with the meaning of the word, and unaware that the instrument he signed contained any reference to it.

There was judgment below in plaintiff's favor for $100, and defendant has appealed.

The record shows that Cox was the owner of a Lincoln automobile valued at the sum of $5,283.64; that the local agency for the Lincoln car was the Associated Motors, Inc. Desiring to have some adjustment made to his car Cox sent it around to the Lincoln Agency, and, while the car was in the possession of the agency, a fire occurred which resulted in damage to the automobile. The plaintiff, which had the car covered by a fire insurance policy, was immediately notified of the loss but, before any adjustment was made, an employee of the manufacturer gratuitously advised Cox that he had discovered a structural defect in his car for which the manufacturer acknowledged responsibility and desired to have corrected; that in remedying the defect it would be necessary to repaint the car and that Cox would be put to no expense. Cox accepted this rather unusual proposition and the car was sent from New Orleans to Shreveport, repaired, and returned to Cox. Thereafter, in an interview between Cox and the local agent of the plaintiff company, a settlement was made with Cox and $100, for which this suit is brought, paid him.

Mr. Ledbetter says that the money was paid upon the faith of a bill for $100 given him by Cox and represented to be the amount paid by him for repairs to the car made necessary by the fire. The bill which Cox is alleged to have presented to Ledbetter was never produced, notwithstanding the fact that a delay of thirty days was asked for and granted by the lower court for the purpose of producing it. Cox denies giving Mr. Ledbetter the bill, and produced a bill of the Associated Motors, Inc., for $103.78. Mr. J. S. Cobb, manager of the Associated Motors, Inc., testified at first that all of this bill was for repairs having no connection with the fire, but subsequently admitted that an item of $62.03 for new fenders to replace fire damaged fenders was included. He also testified that an item of $10.25 was also due to the fire. He estimates the fire damage to Cox's automobile at $250. Ledbetter, who had examined the car, says the loss did not exceed $25. Cox testified that he advised Ledbetter before the settlement was made that most of his damage was being taken care of by the manufacturer. Ledbetter denies this statement. He also denies having had any knowledge of the estimate of $250, as the amount necessary to repair Cox's car, but he says that if he had known of any such estimate he would have compromised the claim.

It is difficult to understand why Ledbetter would have paid Cox $100 if he believed his fire damage to have been no more than $25. His failure to produce the bill for $100 which he said Cox had presented to him, after having requested a delay of thirty days during the trial to produce it, does not add any force to his testimony. At any rate, plaintiff has failed to establish the fraud alleged and the evidence is to the effect that Cox did suffer a loss and actually paid out a sum fairly proportionate to the amount he received in settlement.

R. C. C. art. 3078 provides that:

"Transactions have, between the interested parties, a force equal to the authority of things adjudged. They cannot be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."

Our conclusion is that plaintiff has failed to make out its case.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's suit.

JANVIER, J. (dissenting).

At the time Cox received from Union Automobile Ins. Co., the $100 in question, and executed the subrogation in favor of the insurance company and against Associated Motors, Inc., he, Cox, had already been paid in full either by Associated Motors, Inc., agents for the Ford Motor Company, or by the Ford Motor Company itself for any loss he had sustained. I say this because I cannot but feel that, when the Associated Motors, Inc., or the Ford Motor Company, or both, voluntarily, as it is said, repaired Cox's automobile and repainted it, there must have been some realization of the fact that there was, to some extent, liability for the fire. At any rate, when the work was done by these companies and was accepted by Cox, he well knew that any subrogation which he might thereafter execute would have absolutely no value as against them. It is my belief that, when the Union Automobile Ins. Co. brought its suit against the Associated Motors, Inc., under the subrogation, there was no possibility of its recovering because the Associated Motors, Inc., having repaired Cox's automobile, was no longer liable to him and therefore could no longer be liable to his subrogee. At the time the insurance company paid Cox, I am convinced that it had no knowledge that the subrogation which it took from Cox was absolutely worthless. It seems to me that the law applicable is well stated in Chickasaw County Farmers' Mutual Fire Ins. Co. vs. Weller, 98 Iowa 731, 68 N. W. 443, in the syllabus of which appears the following:

"Where insured property is destroyed by fire negligently set out by a railroad company, and the owner settles with the railroad company, and afterwards, without informing the insurance company of such fact, receives from the insurance company payment for the loss, the latter may recover from him the money so paid."

I therefore respectfully dissent.