No. 3642

Second Circuit

———

UNION INDEMNITY CO. v. CROW

———

(March 24, 1930. Opinion and Decree.)
(July 5, 1930. Opinion and Decree on Rehearing.)

———

John T. Carpenter and John R. Pleasant, of Shreveport, attorneys for plaintiff, appellee.

J. Fair Hardin, of Shreveport, attorney for defendant, appellant.

WEBB, J. This action arises out of a collision between a motortruck owned by the Schuster Wholesale Produce Company which was, at the time of the accident, being operated by one of its employees, and an automobile owned by defendant, J. B. Crow, which was being driven by his minor son.

The motortruck which was damaged in the collision was insured by the plaintiff company, and this suit was brought to recover an amount alleged to have been paid by plaintiff to the Schuster Wholesale Produce Company to cover the damage insured against under the policy which provided that, in case of payment of loss under the policy, the insurer shall be subrogated to all of the rights of the assured against any person, etc., as respects such loss.

The defendant excepted that the petition failed to state a cause of action, in that plaintiff failed to allege that the Schuster Wholesale Produce Company had subrogated plaintiff to its rights at the time of the alleged payment, and, the exception being overruled, defendant, under reservation of

his rights in the exception, answered, denying plaintiff's allegations.

On trial, judgment was rendered against the defendant for the amount claimed. Defendant appeals, and urges that the exception of no cause of action should have been sustained, and, further, that the evidence did not show plaintiff had paid the Schuster Wholesale Produce Company anything under the policy for the damage alleged to have been sustained, and, further, that the evidence established that the driver of the truck was negligent and that his negligence was the proximate or a contributing cause of the collision.

We are of the opinion that the exception of no cause of action was properly overruled, as plaintiff alleged that it had paid the Schuster Wholesale Produce Company the amount claimed, to cover the damage insured against under the policy, and, if so, it became subrogated under the terms of the policy to the rights of the Schuster Wholesale Produce Company against the defendant. Cooper v. Jennings Refining Co., 118 La. 181, 42 So. 766; Maryland Casualty Co. v. Muller, 9 La. App. 700, 119 So. 764.

The evidence as to the question of negligence was, as usual, conflicting, but we do not deem it necessary to review the evidence, as to that question, as plaintiff failed to offer any evidence whatsoever to prove its allegation that it had paid the Schuster Wholesale Produce Company, and, defendant having denied any payment had been made, plaintiff's demands should have been rejected.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed and avoided, and that plaintiff's demands be rejected at its cost.

## ON REHEARING

DREW, J. This action arises out of a collision between a motortruck owned by the Schuster Wholesale Produce Company, which was at the time being operated by one of its employees and an automobile owned by the defendant, which was being driven by his minor son.

The motortruck, which was damaged in the collision, was insured by the plaintiff company, and this suit was brought to recover an amount alleged to have been paid by plaintiff to the Schuster Wholesale Produce Company to cover the damage insured against under the policy, which provided that, in case of payment of loss under the policy, the insurer shall be subrogated to all the rights of the assured against the person, etc., whose acts were the cause of the loss and damage.

The defendant excepted that the petition failed to state a cause of action in that plaintiff failed to allege that the Schuster Wholesale Produce Company had subrogated plaintiff to the rights of the assured at the time of the alleged payment. The exception was overruled by the lower court, and, under his reservation of his rights, the defendant answered denying liability.

The lower court rendered judgment in favor of plaintiff, as prayed for, and defendant has appealed to this court.

This court rendered judgment reversing the lower court, however, sustaining the lower court in its ruling on the exception of no cause of action. A rehearing was applied for and granted, and the case is now before us on rehearing.

The former judgment of this court on the exception of no cause of action, wherein same was overruled, was correct, and we now reinstate and adopt as the opinion of

this court that part of our former judgment in so far as the same applies to the exception of no cause of action, and pass on to the merits of the case.

The defendant's car and the Schuster truck were both traveling in the same direction, north on Louisiana street in the city of Shreveport. Both were traveling at a moderate rate of speed with the defendant's car in the lead, the Schuster car immediately behind it, and the car of the witness, Lucas, immediately behind the Schuster truck. As the defendant's car reached the intersection of the alley with Louisiana street, the driver of same attempted to turn into said alley, a left-hand turn, and at the same time the Schuster truck was attempting to pass defendant's car. The result was a collision and the turning over of the Schuster truck, with the resulting damage sued for herein. Defendant's car was only slightly damaged, having the hub cap of the left front wheel knocked off and the fender bent.

Plaintiff contends that the defendant was negligent in not giving the signal for making a left turn or looking to see if any one was attempting to pass him, and offers, in support of his contention, three witnesses. The driver of the car who testified that he blew his horn very loud before attempting to pass the defendant's car, and that young Crow, driver of defendant's car, did not give any signal for the turn. He claims to have nearly passed the defendant's car when the said young Crow deliberately turned into him. His next witness is Mr. Lucas, who was directly behind the Schuster truck and who testifies that the driver of the Schuster truck did not blow his horn, and that he did not see young Mr. Crow give any signal for the turn. It is shown by the testimony of Mr. Lucas that the Schuster truck had a cab on it and high side planks and that it was between Lucas and the defendant's car until the very act of turning had begun. At the time young Mr. Crow should have given his signal for the turn, it would have been impossible for Lucas to have seen either the signal or the car and his testimony on that point is worthless. The only other witness offered by plaintiff was J. B. Crow, Jr., the driver of the defendant car, who testified positively that he did give the signal for the left-hand turn before arriving at the intersection, and that the tips of his fingers were injured by the Schuster truck in attempting to pass him while his hand was extended.

Defendant offered one eye witness who testified that J. B. Crow, Jr., did give the signal to turn, and that the driver of the Schuster truck did not blow his horn, also the testimony of two policemen who testified that the Schuster driver did not blow his horn. J. B. Crow, Sr., corroborates his son in regard to his fingers being struck by the Schuster truck, and an insurance inspector testified that the driver of the Schuster truck admitted to him that he did not blow his horn.

The preponderance of the testimony is that J. B. Crow, Jr., on or before reaching the point of the intersection of the alley and Louisiana street, gave the proper signal for a left turn; that he was traveling at a moderate rate of speed, and, in attempting to make the turn after complying with the law, that the accident occurred due to the Schuster truck attempting to rush by him. The driver of the Schuster truck either did not see the signal, he having only one eye, or he was so close to the defendant's car that he could not stop, and the only alternative was to try to rush by. The testimony is that the Schuster truck was driving within a few feet of the defendant's car, and, undoubtedly, too close behind to stop. The preponderance of tes-

timony, in fact all the testimony, with the exception of that of the driver of Schuster's truck, is that he sounded no warning of his intention to pass. The law is clear that, when desiring to pass another vehicle, you must give the necessary signal by blowing the horn, etc. This, Schuster's driver failed to do. It is argued that J. B. Crow, Jr., is a deaf mute, and a signal would have been of no avail. That may be true, but, if he had perfect hearing, it would have been the same, for no signal was given, and it is not shown that the driver of the Schuster truck knew that defendant's driver was deaf. J. B. Crow, Jr., testified that he can hear a little in the left ear. It is not shown that he could not have heard a horn on an automobile, if blown as loud as claimed by the driver of Schuster's truck. The extent of his hearing is not shown by the evidence other than his own testimony.

We are unable to find from the testimony where J. B. Crow, Jr., violated any traffic law, and are convinced that the accident was caused by the driver of Schuster's truck driving too close to defendant's car to stop after the signal for a left turn was given, if he saw the signal, and in his attempt to rush by the Crow car in violation of the law and without giving any warning of his attempt to pass. The driver of Schuster's truck was intent on making the green light at the street intersection and took a chance on getting by the defendant's car.

Plaintiff has completely failed to make out its case with a preponderance of evidence and the preponderance of evidence is with the defendant.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the plaintiff's demands be rejected at its cost in both courts.