94 So.2d 92 (1957)
The PENNSYLVANIA FIRE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Robert E. HARRISON et al., Defendants-Appellants.
No. 4396.
Court of Appeal of Louisiana, First Circuit.
March 25, 1957.
*93 McDougall & Rodrigue, Horace R. Alexius, Jr., Covington, for appellants.
Iddo Pittman, Jr., Hammond, for appellee.
TATE, Judge.
Plaintiff was the collision insurer of a car owned by co-defendant Sunseri. This "Henry-J" automobile was totally wrecked on May 8, 1955, through the negligence of co-defendant Bobby Harrison, the 15-year-old son of the third co-defendant, Robert Harrison (who was liable for the tort of his minor son, LSA-Civil Code Article 2318).
Plaintiff company and Sunseri, its insured, had on May 19, 1955, settled on the "actual cash value" of the automobile destroyed (after deducting the net salvage value) at $563.30. They executed a subrogation agreement, subrogating the insurer to the $513.30 loss paid (after deducting $50 per the policy provision).
On May 21, 1955, Sunseri received $150 from Harrison, Sr., and subsequent thereto received an additional $150 from the mother of another boy who had accompanied Harrison, Jr.
Pursuant to an alternative prayer in plaintiff's petition, the District Court allowed Harrison a credit of $150 against the total loss of $563.30 sustained through the unquestioned negligence of his son. A net *94 judgment in the amount of $413.30 was awarded the insurer against the Harrisons; and judgment was given it additionally against Sunseri in the amount of $100 (the additional $50 paid by Harrison being allowed Sunseri as a credit against the first $50 damages, deducted by the insurer before paying the loss).
The Harrisons appeal from the judgment. Sunseri did not do so. Plaintiff insurer, while stating that it believed the judgment to be equitable, appealed to protect its rights should appellate review allocate the damages otherwise among the defendants.
The Harrisons' appeal is based upon the legal proposition that the insurer's subrogation claim against the tortfeasor (Harrison) is ordinarily defeated by a full release for the subrogated damages given by the insured (Sunseri) to the tortfeasor, 29 Am. Jur. 1005, Verbo "Insurance", Section 1344.
Sunseri had been made a co-defendant by the insurer because, in this latter event, the insurer which has already paid the insured for the loss caused by the tortfeasor's negligence may obtain reimbursement from the insured from the funds received by the latter from the tortfeasor, or the insured may even be liable to the insurer for any loss which his releasing the tortfeasor has caused the insurer, 29 Am.Jur. 1007, Verbo "Insurance", Section 1346. See also Travelers Fire Insurance Company v. Ackel, La.App., 2 Cir., 29 So.2d 617; Annotation, "Collision insurance; Insured's release of tortfeasor * * * as releasing insurer from liability", 38 A.L.R.2d 1095; 46 C.J.S. Verbo Insurance, § 1209, p. 152 et seq.
However, the uncontradicted evidence shows that Harrison Sr. paid the sum of $150 to Sunseri with full knowledge that the latter had settled with his collision insurer for the amount allowed under its policy, but furnished (together with the other parent) the additional amount needed by Sunseri to replace the destroyed car with another second-hand car. That is, Sunseri felt that the amount allowed under the policy did not fully cover the loss sustained by him through the negligence of defendant Harrison's son, and they paid him the difference.
The District Court felt unable to credit the $150 so paid to Sunseri by Harrison entirely to damages not at all covered by the policy, because it was stipulated by counsel in this suit that the net value of the destroyed car was only $563.30. Defendant Sunseri has acquiesced in this determination as equitable.
The District Court's judgment is supported by the following legal doctrines: "A settlement by the insured for the amount of the loss in excess of the insurance only, with the tortfeasor * * *, does not affect the insurer's right of action against the tortfeasor", 29 Am.Jur. 1006-1007, Verbo "Insurance", Section 1345 (italics ours); Blashfield, Cyclopedia of Automobile Law, Section 4184, Volume 6 (Part 2), pp. 441-442; see, also, Union Automobile Insurance Company v. Cox; 12 La.App. 649, 126 So. 711. When the insured recovers from the tortfeasor an amount which, with the amount already received from his insurer, exceeds the loss actually sustained by him, he holds the excess as trustee for his insurer to whom it belongs, see authorities cited in Moncrieff v. Lacobie, La.App., 1 Cir., 89 So.2d 471, 474-475.
Under the stipulation that the actual loss sustained by Sunseri was only $563.30, the judgment of the District Court correctly holds Sunseri liable to his insurer for the excess received by him over his loss.
Alternatively, co-defendant Harrison Sr. urges that he should receive credit not only for the $150 paid by him, but also for the $150 paid by Mrs. Clark, the mother of the other boy involved in the wreck.
*95 Insofar as the testimony in this suit indicates, young Clark was merely a passenger in the wrecked car and not a joint tortfeasor. The record is devoid of any reason why Harrison Sr. should receive the benefit of this contribution by a stranger to the present proceedings.
It is not inappropriate to state that, despite the stipulation entered into by counsel as to the actual value of the loss sustained, the District Court found that Sunseri sincerely bargained for the excess valuation over the mere "actual cash value" covered by the collision policy, needed by him to purchase an equivalent second-hand car. Harrison Sr. was apparently willing to bargain on this basis, partially because (as the District Court noted) of an implicit hope to avoid criminal prosecution of his boy for unauthorized use of the wrecked automobile, although Sunseri never mentioned the matter, and this hope (or illegal consideration) played no part whatsoever in the negotiations.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.