ELLIS, Judge.
This case arises out of an accident which happened on July 15, 1966, on the premises of Mike & Tony’s Steak House in Baton Rouge, in which an automobile belonging to plaintiff Donald J. Voss was damaged. On December 12, 1966, plaintiff accepted $570.25 from his collision insurer, Insured Lloyds of Dallas, Texas, in full settlement of its liability to him under the policy, and executed in connection therewith a proof of loss and subrogation agreement. Suit was subsequently filed by Voss against Mike & Tony’s Steak House, Michaelo M. D’Amico and Anthony S. D’Amico, for $6006.75 which included among other items $890.43 for the damages to plaintiff’s automobile. Defendants filed an answer in the nature of a general denial. Insured Lloyds filed an intervention by which it united with plaintiff in making claim on the defendants, and prayed for judgment against them for $570.25. No answer was filed to the intervention by defendants, but an answer was filed by plaintiff denying the allegations thereof.
The case was fixed for trial, but before that time a settlement was reached between plaintiff and defendants, by virtue of which plaintiff was paid $2,100.00. The release discharges defendants from all liability to plaintiff arising out of the accident, and contains the following additional language :
«* * * he does further expressly hold harmless the said Mike & Tony’s Steak House, Michaelo M. D’Amico and Anthony S. D’Amico and his heirs from any and all liability which may .be incurred to Lloyds of Dallas, the collision insurer of appearer on the date of the alleged accident and said appearer will protect the said Mike & Tony’s Steak House, Michaelo M. D’Amico and Anthony S. D’Amico and his heirs, from any and all claims brought or may be brought by Insured Lloyds of Dallas against the said persons.”
On February 13, 1968, plaintiff moved for dismissal of his case, and judgment was signed that date, dismissing the main demand, but specifically stating that it was “not to affect the rights of intervenor herein”.
On November 1, 1968, plaintiff filed a pleading styled a supplemental answer to the petition of intervention in which he alleged a number of facts surrounding his settlement with Insured Lloyds and a sub *472 sequent cancellation of his policy, denied intervenor’s right to subrogation, and once again asked for dismissal of the intervention.
Trial was held, at which intervenor offered its subrogation agreement and the release granted defendants by plaintiff. The only testimony was that of plaintiff on cross examination, in which he admitted having executed both of the above documents, but denied knowing what elements of his damage were included in the $2,100.-00 settlement.
The trial court gave intervenor judgment against plaintiff for the full amount of his claim, stating that he was of the opinion that the $2,100.00 settlement included the $570.25 subrogation claim. Plaintiff has taken a devolutive appeal from the judgment. The specifications of error allege that the judge erred in finding as a fact that the subrogation claim was included in the settlement, and that, as a matter of law, plaintiff had no duty to pay his insurer out of any settlement made with the tort feasor.
As pointed out above, plaintiff filed this suit after he had received the settlement from his insurer, but claimed the damages to his car as an item in the suit. In the settlement with defendant, it was obviously intended by both parties that that item be included, since by virtue of their agreement, Mike & Tony’s would never have to pay any additional amounts as a result of the accident without being reimbursed for same by plaintiff.
We conclude that plaintiff has collected twice for the same item of damages, and that the amount thereof is fixed by the subrogation agreement.
Since Voss has received amounts in excess of his total loss, he holds the excess in trust for his insurer, which has previously reimbursed him for his loss. Pennsylvania Fire Insurance Company v. Harrison, 94 So.2d 92 (La.App. 1 Cir. 1957).
We recognize that there are many procedural defects in the record, but plaintiff went to trial on the issues here presented without objection. He cannot now complain.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.