SARTAIN, Judge.
This is an appeal from a summary judgment rendered in favor of the defendant, Edward Alder, Jr., by which that part of this suit instituted by Barbara Jean Dixon on behalf of her insurer, Indiana Lumber-mens Mutual Insurance Company, was dismissed.
On January 7, 1968, a collision took place between a 1966 Chevrolet driven by the defendant and a 1960 Ford Falcon owned by the nominal plaintiff, Barbara Jean Dixon, and being driven by the plaintiff’s mother, Stearlee M. Johnson. The petitioner was a passenger in her own vehicle at the time of the accident.
On that date, the defendant, Alder, had no liability insurance in effect upon his automobile. Plaintiff, Dixon, had, in force and effect, a policy with the aforementioned insurance company which provided public liability coverage which included an uninsured motorist provision, presumably providing bodily injury coverage only.
It seems that certain personal injuries were sustained by both occupants of the Dixon vehicle for which they were compensated by the insurer in the amount of $1,100.00 each. Although the record contains no documentary evidence whatsoever, we are able to surmise from the pleadings and briefs of counsel that each of the injured parties then executed “release and trust” type subrogation agreements in favor of the insurer.
As related by counsel, it seems that prior to the bodily injury settlement, a demand letter was written to Alder by the plaintiff’s personal attorney, Mr. H. Alva Brumfield, requesting payment to her in the amount of $247.27. On May 2, 1968, Mr. Alder paid that amount at Mr. Brum-field’s office and purportedly received a release from the plaintiff, Dixon, which, again, is not a part of the record at this time.
This litigation was subsequently instituted by the two injured parties on behalf of Indiana Lumbermens to recover for the bodily injury payments. In response to that action, exceptions of res judicata, no right and no cause of action were entered, based upon the alleged release; also interposed was a plea of laches, based upon the petitioner’s failure to inform the defendant of the claim which forms a basis for this lawsuit.
Pursuant to oral argument by counsel, the district judge took the matter under advisement and subsequently rendered judgment in which the exceptions by defendant as to Barbara Jean Dixon were treated as a motion for summary judgment, which was sustained; the exceptions as to Stearlee M. Johnson were overruled. From that judgment, only Barbara Jean Dixon has appealed.
The appellant specifies as error the apparent ruling by the trial judge that the release given in exchange for payment of property damage losses bars recovery for the separate and distinct bodily injury payments made under the uninsured motorist provisions by Mrs. Dixon’s policy. They contend that a release given for losses excluded by their insurance coverage should have no effect on the insurer’s subrogation rights.
Code of Civil Procedure Article 966 provides as follows:
“The plaintiff or defendant in the principal or any incidental action, with or *513 without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
If genuine issues of material fact existed when the propriety of summary judgment was before the Court, this procedural device was improperly sustained. As succinctly stated in Glass v. Vista Shores Club, La.App., 221 So.2d 304 (1969):
“In considering a motion for summary judgment, the court will not inquire into the merits of the case or be influenced by the probable result after trial but will treat the allegations as true for the purpose of determining if genuine issues as to material fact do exist. Furthermore, summary judgment is not to be used as a substitute for a trial and should be granted only in situations where it is clearly within the provisions of LSA-C. C.P. art. 966. Joiner v. Lenee, 213 So.2d 136 (La.App.3d Cir. 1968); Grace v. Morales, 210 So.2d 60 (La.App. 1st Cir. 1968); Green v. Southern Bell Telephone & Telegraph Co., 204 So.2d 648 (La.App.3d Cir. 1967); Vallier v. Aetna Finance Company, 152 So.2d 112 (La.App.3d Cir. 1963); Haspel v. Treece, 150 So.2d 120 (La.App. 4th Cir. 1963).”
As the record is totally devoid of any documents of an evidentiary nature, we do not know what the alleged release says or any of the factual circumstances surrounding its confection. More particularly, we do not know what the parties understood as to whether the payment made by Alder was for property damage losses only or whether it was intended to be compensation for all losses Barbara Jean Dixon may have sustained.
These are clearly material issues of fact which will weigh heavily upon the determination of the rights here involved. We think these issues can only be properly resolved by trial on the merits. If it should be proven that the payment and release were negotiated to satisfy the property damage claim only, the insurer’s right to recover for the bodily injury payments would not be affected. This principle was first announced by this Court in Pennsylvania Fire Insurance Company v. Harrison, 94 So.2d 92 (1st Cir. 1957) and, most recently followed by our colleagues of the Second Circuit in the case of McDaniel v. Hearn, 158 So.2d 348 (2d Cir. 1963).
In the McDaniels case, supra, a release was given by the insured to the tort-feasor after receiving payment from him for losses not covered by his policy of collision insurance. In the suit later initiated by the collision insurer against the tort-feasor to recover the amount paid its insured, the defendant relied upon the release as the basis for an exception of no right of action, which was sustained by the trial court. In reversing that judgment, that appellate court observed:
“Moreover, a settlement with a tort-fea-sor by the insured for the amount of loss sustained in excess of the insurance coverage does not affect the insurer’s right of action against the tort-feasor. Pennsylvania Fire Insurance Company v. Harrison, La.App. 1st Cir., 1957, 94 So.2d 92.
“The evidence discloses, as heretofore observed, that the insured’s settlement with defendant Hearn extended only to the deductible amount of damage excluded from coverage and for damage in an *514 additional sum likewise not included within the coverage of the insurance contract.”
The insurer’s liability under the uninsured motorist clause of the public liability policy extended only to bodily injury sustained by occupants of the Dixon vehicle. If the settlement entered into by the nominal plaintiff and the defendant was only for the property damage excluded from coverage, Indiana Lumbermens’ right to recovery under the subrogation agreement executed here should not be impaired. This is a material issue of fact to be tried in the Court below.
The summary judgment entered is, therefore, reversed and the case is remanded for trial on the merits. The costs of this appeal are to be borne by appellee, Edward Alder, Jr., all other costs are to await a determination on the merits.
Reversed and remanded.