BARRY, Judge.
Great Falls Insurance Company appeals a summary judgment denying its subrogation claim against Willie Jordan and his insurer, Liberty Mutual Insurance Company.
On January 27, 1979 Jordan’s car collided with a car driven by Freddie Williams. On April 13, 1979 Williams’ insurer, Great Falls, paid him for the vehicle damage (minus the deductible) and he subrogated his claim.
Four months later, unknown to Great Falls, Williams settled with Jordan and his insurer, Liberty Mutual and he signed a receipt and release discharging both on all claims. Neither Williams nor his attorney advised Liberty Mutual of his subrogation agreement with Great Falls. Great Falls did not contact Liberty Mutual prior to its settlement with Williams, nor did it notify Liberty Mutual of its settlement and subro-gation agreement with Williams. Great Falls filed this suit on January 29, 1980 based on Williams’ subrogation.[1]
*302 On June 24, 1980 Liberty Mutual and Jordan filed an exception of one year prescription applicable to torts. The record shows no judgment on the exception; however, Liberty Mutual asserts the exception was overruled.
Liberty Mutual filed an answer and moved for summary judgment, alleging Great Falls’ petition is barred because of the release executed by its insured, Williams. Great Falls asserted that Williams had no authority to compromise his claim and his release had no effect. The trial court granted summary judgment without written reasons.
We affirm. The identical issue presented in this case was decided adversely to plaintiff’s position in Audubon Insurance Co. v. Farr, 453 So.2d 232 (La.1984), in a factual situation slightly more sympathetic to that plaintiff-insurer’s position than the subject case. Audubon involved a hit-and-run driver who ran into a home, causing property damage for which the homeowner was promptly reimbursed by her homeowner’s insurer, Audubon Insurance Co. The homeowner, Ms. Paul, executed a subrogation receipt in favor of Audubon. Subsequently, upon ascertaining the identity of the tortfeasor and his liability insurer, Ms. Paul accepted a settlement check from the insurer, Allstate Insurance Co. in violation of the subrogation agreement.
As in the instant case, the tort victim’s insurer did not notify the tortfeasor’s insurer of its subrogation rights until after the tortfeasor’s liability insurer had settled and made a payment to the victim. When Audubon filed a subrogation suit against Allstate Insurance Co., Allstate argued the suit was barred by the release signed by Ms. Paul. Audubon countered that the release was ineffective because Ms. Paul had already relinquished her rights against Allstate by the subrogation agreement and therefore no longer had the power to discharge the debt. Our Supreme Court rejected plaintiff’s contention, holding:
The compromise settlement by Allstate and Farr [the tortfeasor] with Paul “without knowledge or notice that the latter had assigned its claim” to Audubon bars this suit by Audubon. Jackson, Etc. v. Shreveport Producing & Ref. Corp., 6 La.App. 216 at 218 (1927). Allstate had no notice of Audubon’s subro-gation rights and should not be penalized for its good faith settlement with Paul. The Court further held:
Paul violated the terms of the subrogation agreement by settling with Allstate without the consent of Audubon. Audubon was aggrieved by its insured. [Pennsylvania Fire Ins. Co. v.] Harrison [94 So.2d 92 (La.App. 1 Cir.1957)], supra, correctly held that Audubon’s remedy is against that insured who holds the excess recovery as trustee for Audubon. The insured, rather than a stranger to the contract of insurance, is responsible to the insurer for breach of the contract. Audubon’s recourse is against Paul, not Allstate and Farr.
In his concurring opinion in Audubon, Chief Justice Dixon noted that, while he agreed with the majority reasoning, he felt that:
... the result is more appropriately mandated by C.C. 2644 which provides:
If previous to notice having been given of the transfer to the debtor, either by the transferrer or by the transferree, the debtor should have made payment to the transferrer, the debtor is discharged of the debt.
In this case, Paul transferred her rights against Farr to Audubon in exchange for $4412. She gave no notice to Allstate. Allstate’s subsequent payment was therefore prior to any notice of the assignment, and its debt to Paul and/or Audubon was thereby discharged.
Likewise, the instant case is governed by C.C. Arts. 2643 and 2644 and by Audubon. Since Liberty Mutual [the debtor] “made payment to the transferrer” [Williams] “previous to notice having been given of the transfer [i.e., the subrogation agreement] to the debtor, ... the debtor [Liberty Mutual] is discharged of the debt.” Thus, any debt of Liberty Mutual was extinguished by its payment to Williams.
*303 The summary judgment in favor of Liberty Mutual Insurance Company is firmed. af-
AFFIRMED.

. The cash register imprint on the petition shows January 28, 1980.