150 So.2d 114 (1963)
Samuel H. BELL et al.
v.
Wilfred DUPLESSIS or Duplesses.
No. 809.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1963.
Rehearing Denied March 4, 1963.
*115 Benjamin Washastrom, New Orleans, for defendant-appellant.
A. J. Marciante, New Orleans, for plaintiffs-appellees.
Before REGAN, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
This is a suit for property damages resulting from an automobile collision. The driver of one of the automobiles involved and his collision insurer are joint plaintiffs. Defendant, the driver of the other vehicle involved in the accident, has answered denying liability, reconvened for damages to his car and alternatively pleaded contributory negligence on the part of the plaintiff-driver. The damages were stipulated as being $292.28 to plaintiff's car, of which the plaintiff driver claims $100.00 (the deductible under the policy) and the insurer claims $192.28 under a partial subrogation, and $198.35 to the defendant vehicle. Defendant has prosecuted this appeal from a judgment in favor of plaintiffs as prayed, which judgment also dismissed the reconventional demand.
Only three witnesses testified at the trial. They were the plaintiff and defendant drivers and a disinterested third party who was in his stopped car at the intersection where the accident took place but on the side thereof opposite from the point of collision. Some of the testimony is conflicting, but we find the material facts to be as follows:
The collision occurred on a clear day at about 10:30 a. m. in the intersection of Louisa Street and Old Gentilly Road in the City of New Orleans. The latter is the favored street, the intersection being controlled by stop signs controlling traffic on Louisa Street.
Plaintiff was driving his automobile on Old Gentilly Road in an easterly direction traveling at a speed of about 25 miles per hour. Defendant was driving his automobile on Louisa Street in a southerly direction. Defendant stopped for the stop sign, but only momentarily, and then proceeded to enter and cross the intersection. He testified that he did not see the approaching plaintiff automobile prior to the time he entered and started to cross. When plaintiff was about 100 to 150 feet away from the intersection he saw the defendant come to a stop at the sign. He was less than 100 feet away when the defendant started his car from its stopped position and proceeded to enter and cross. The collision occurred near the middle of the intersection when the front of plaintiff's car struck the right side of the defendant vehicle.
There is some confusion relative to whether the speed limit on Old Gentilly Road at the intersection was 20 miles per hour or 30 miles per hour. But a determination of the exact speed limit is unnecessary. Even if the speed limit was 20 miles per hour, an excess of 5 miles per hour over that limit was not a proximate cause of the collision and therefore immaterial here. Liddell v. New Orleans Public Service Inc., La.App., 128 So.2d 80; Bordelon v. Audubon Insurance Company, La.App., 116 So.2d 148.
Nor does the doctrine of preemption, that rule to the effect that where there is an intersectional collision the automobile which first entered the intersection had the right to proceed and enjoyed the right-of-way over vehicles approaching at right angles, have any application in the instant case. In order for preemption to apply the motorist relying on the rule must have made entry into the intersection at proper speed and sufficiently in advance of the approaching vehicle on the intersecting roadway to permit him to proceed on his way without requiring an emergency stop by the other vehicle, i. e., the entry *116 must be made with at least a reasonable opportunity of clearing the intersection without obstructing the path of the other vehicle under normal and reasonable circumstances and conditions. Smith v. Borchers, La.App., 138 So.2d 231; Noonan v. London Guarantee & Accident Company, La.App., 128 So.2d 918; Gallioto v. Chisholm, La.App., 126 So.2d 63.
We are of the opinion that the defendant in the instant case was guilty of negligence, which was the sole proximate cause of the accident, in failing to see what he should have seen, the approaching plaintiff vehicle, and in proceeding into the path of that approaching vehicle. Under the circumstances he did not have a reasonable opportunity of clearing the intersection without obstructing the path of the plaintiff car. We are also of the opinion that the plaintiff was not guilty of negligence. He had a right to rely upon the belief that the defendant would properly obey the stop sign and remain in his position of safety; and he could not reasonably have become aware of defendant's intention to cross until it was too late to avoid the accident.
Defendant's alternative contention is that the Civil District Court for the Parish of Orleans, the trial court in this case, was without jurisdiction ratione materiae in connection with the claim by the plaintiff-driver in the amount of $100.00. The contention is based upon LSA-Const. Art. 7, § 91, which provides that the First City Court "* * * has exclusive original jurisdiction in all cases where the amount in dispute or fund to be distributed does not exceed one hundred dollars, exclusive of interest, * * *." and has concurrent jurisdiction with the Civil District Court for the Parish of Orleans in certain cases (which would include the instant case) when the amount in dispute or fund to be distributed exceeds $100.00 but does not exceed $1,000.00, exclusive of interest, etc.
We do not agree with the alternative contention. Plaintiffs were partial subrogor and subrogee. Under LSA-C.C.P. Art. 697 they were required to prosecute their claims as joint plaintiffs in one action. The "amount in dispute" is the total of the claims of the joint plaintiffs, subrogor and subrogee, or the sum of $292.28, thus giving concurrent jurisdiction under Art. 7, § 91, to both the First City Court and the Civil District Court. Once the Civil District Court acquired jurisdiction quite clearly it had the authority to make any award, consistent with the pleadings and in accordance with the facts and the law involved, regardless of whether or not such an award was $100.00 or less.
For the reasons assigned, the judgment appealed from is affirmed, costs to be paid by the defendant-appellant.
Affirmed.