AYRES, Judge.
This appeal involves only a legal issue. The question presented for determination relates to the effect upon the rights of an insurer, which has paid the insured’s loss, of a release and discharge granted by the insured to a tort-feasor.
A brief résumé of the facts appears appropriate to a proper understanding of the issue presented. An accident involving McDaniel’s Falcon Ranchero and defendant Hearn’s Ford occurred on September 2, 1961. Inflicted were the damages to McDaniel’s vehicle for which recovery is sought by him in the sum of $50.00 and by plaintiff Service Fire Insurance Company of New York, McDaniel’s collision insurer, in the sum of $633.33. This amount was expended by the insurer in making the necessary repairs to the McDaniel vehicle. It may be pointed out that, by virtue of this payment, the insurer was, to the extent of the payment made, conventionally subro-gated to the rights of the insured by an *349 instrument executed by him under date of September 7, 1961.
Pursuant to payments made by Hearn to McDaniel under date of September IS, 1961, of $375.00 for damage to a wooden truck bed which McDaniel had installed on his vehicle subsequent to the issuance of the insurance policy, which bed the parties understood was not covered with insurance, and of $50.00 for “fixing” the Falcon Ranchero, McDaniel, on a form provided by the Department of Public Safety of the State of Louisiana, certified that he “has released Johnnie L. Hearn * * * from all claims and causes of action of the undersigned arising from the above described accident and authorizes the Department of Public Safety to accept this certification as satisfactory evidence of such release from liability as required by the Safety Responsibility Law.”
On a basis of the foregoing payments and release, defendant contended, in an exception of no right of action, that a full and complete compromise and settlement of any and all claims against him arising out of the aforesaid accident had been made, and that whatever rights either plaintiff had against him had been extinguished.
Defendant’s exception was sustained and plaintiff’s action dismissed. From the judgment, plaintiff Service Fire Insurance Company of New York appealed.
The general rule is that whatever act of man causes damage to another obliges him by whose fault it happened to repair it.
LSA-C.C. Art. 2315.
A principle likewise well established in the jurisprudence is that an insurer who is forced to pay under its contract of insurance, as the result of the negligence of a third party, has a right of direct action under the aforesaid codal provision against the tort-feasor for such loss without the necessity of the execution of a conventional subrogation. London Guarantee & Acc. Ins. Co. v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771; Universal Automobile Ins. Co. v. Manisalco, La.App.Orleans, 1933, 148 So. 731; Hansen v. Hickenbotham, La.App.Orleans, 1952, 61 So.2d 620; John M. Walton, Inc. v. McManus, La.App. 1st Cir., 1953, 67 So.2d 130; Lumbermen’s Mutual Insurance Co. v. Ruiz, La.App. 1st Cir., 1954, 77 So.2d 84; Lumber Mutual Fire Insurance Company v. Kemp, La.App. 1st Cir., 1958, 102 So.2d 248; American Bankers Insurance Co. of Fla. v. Costa, La.App. Orleans, 1958, 107 So.2d 76; McCoy v. State Farm Mutual Ins. Co., La.App. 3d Cir.1961, 129 So.2d 66; Aetna Casualty & Surety Company v. Allen, La.App. 3d Cir., 1961, 132 So.2d 240.
See also: Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539; Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913.
While the case of London Guarantee & Acc. Ins. Co. v. Vicksburg, S. & P. R. Co., supra, and cases of similar holdings have not been overruled, we are not unmindful of the fact that the principle enunciated therein has been criticized. For instance, in Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228, it was observed by the Supreme Court that
“It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation.
“Even the board [sic] language used in Article 2315 of our Code does not justify a departure from the above stated doctrine,”
notwithstanding, as noted in a footnote, that the ruling is apparently to the contrary in the London case. “Indeed,” so continued the Supreme Court,
“to permit a person to proceed against a wrongdoer in every instance where *350 such person has sustained damage by reason of his contractual obligation to the injured party would open the -door to the prosecution of claims for -damages indirectly and remotely connected with the tortious act and entourage a multiplicity of suits from which numerous conflicts of interest -might ensue. Parties situated in plaintiff’s position can readily protect them-selves by obtaining from the injured person a conventional subrogation of the latter’s rights and, thus, the tort-feasor can be made to respond for the direct and foreseeable consequences of his act in a single suit.”
This, in fact, is what was done in this •case. A conventional subrogation was obtained and, in compliance with LSA-C.C.P. Art. 697, both subrogor and subrogee in-stituted this action. The subrogor having “been paid his portion of the claim, the -subrogee is fully authorized, under Subdivision (2) of the aforesaid article, to pro■ceed alone.
Thus, it would appear that the principle ■enunciated in the London case would at least only be altered to the extent of re-quiring a conventional subrogation.
Thus, the rights of the insurer in the instant case arise from the general provisions of LSA-C.C. Art. 2315 which confer rights of action for damages upon any and ■everyone who is injured by another’s fault. If a loss allegedly sustained by the surety was caused by the fault of the defendant, the latter is answerable directly to it for such loss. Therefore, under the principle ■enunciated in the aforesaid cases, for plaintiff’s petition to disclose a right of action it was necessary for plaintiff to allege only payment with subrogation, in accordance with its contract of insurance, and defendant’s fault. This, it did.
Having been allegedly damaged by an act of the defendant, plaintiff insurer, upon whom was conferred a direct action to recover compensation for such damages, cannot be prejudiced by the actions of third persons—even its assured’s, to which action it was not a party and of which it had no notice or knowledge. With reference to a similar release, the Court of Appeal for the Parish of Orleans (now the Fourth Circuit), in American Bankers Insurance Co. of Fla. v. Costa, 107 So.2d 76, 80-81, stated:
“We are sure that the document, which is contained in the record, even if it be considered as a receipt, release, remission, or other avoidance of debt, cannot bind the plaintiff, which was Jones’ insurer and paid him the amount of its liability under the policy contract. We have stated before that the insurer has, under LSO [sic] -C.C. art. 2315, a direct cause of action against the tort-feasor for the amount of loss and damage it sustained under the provisions of its policy because of accident, and certainly Jones had not the power to validly release Mrs. Costa from any liability thus arising in favor of his insurer. Even if admitted in evidence, the document could have no bearing on plaintiff’s right to recover and the ruling of the trial judge complained of is of no moment.”
Moreover, a settlement with a tort-feasor by the insured for the amount of loss sustained in excess of the insurance coverage does not affect the insurer’s right of action against the tort-feasor. Pennsylvania Fire Insurance Company v. Harrison, La.App. 1st Cir., 1957, 94 So.2d 92.
The evidence discloses, as heretofore observed, that the insured’s settlement with defendant Hearn extended only to the deductible amount of damage excluded from coverage and for damage in an additional sum likewise not included within the coverage of the insurance contract.
The instant case is distinguishable from Travelers Fire Ins. Co. v. Ackel, La.App. 2d Cir., 1947, 29 So.2d 617. In that case, the insured was paid in full by the tort-feasor for all damages occasioned by his *351 fault. Consequently, when the insured subsequently received an additional payment from his insurer, obviously manipulated through fraud and misrepresentation, there was no obligation existing to which the insurer might have been subrogated.
Therefore, for the reasons assigned, the judgment appealed should be, and it is hereby, annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that the exception of no right of action be, and it is hereby, overruled; and it is now Ordered that this cause be, and it is hereby, remanded to the Honorable, the Fourth Judicial District Court in and for Ouachita Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law.
Defendant-appellee is assessed with the cost of this appeal; all other costs shall await final judgment.
Reversed and rendered.