196 So.2d 592 (1967)
AMERICAN INDEMNITY COMPANY
v.
NEW YORK FIRE & MARINE UNDERWRITERS, INC., et al.
Nelson T. McQUISTON
v.
NEW YORK FIRE & MARINE UNDERWRITERS, INC., et al.
Nos. 6890, 6891.
Court of Appeal of Louisiana, First Circuit.
March 13, 1967.
*593 Foil, Gill & Beckner, Baton Rouge, for American Indemnity Co., appellant case No. 6890.
Seale, Hayes, Smith & Baine, Baton Rouge, for New York Fire & Marine Underwriters, Inc., et al.
Wray & Simmons, Baton Rouge, for Nelson T. McQuiston.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
These separate but related cases, consolidated for purposes of trial and appeal arise from a single automobile accident. They present for resolution the question of whether an insured, who has received payment of medical benefits pursuant to an automobile liability policy issued by his own insurer, or the insurer who has paid such a claim, is entitled to recover the amount thus paid from a third party tort-feasor when the policy is silent as to subrogation rights and both insured and insurer bring simultaneous actions against the third party and his insurer to recover the sum involved. The trial court ruled in favor of the insured granting him judgment against the third party and his insurer and rejected the claim of the insurer. We find that the trial court has correctly determined the question presented.
In lieu of a transcript of testimony, these matters were submitted upon an agreed statement of facts which shows that plaintiff McQuiston was the owner of an automobile insured against liability by plaintiff American Indemnity Company (American). Said policy contained a medical payment clause providing payment of medical expense in the maximum amount of $500.00 to each passenger injured as a result of the use or operation of the insured vehicle. On September 27, 1964, McQuiston's vehicle was involved in a collision with an automobile owned by defendant, Patrick R. Dungan, and insured by defendant, New York Fire & Marine Underwriters, Inc. (New York Fire). Because of injuries received in the accident, plaintiff McQuiston received from American medical payments totaling $500.00 on behalf of himself and $43.00 for similar expense to his wife. In addition, McQuiston was paid by his said insurer a sum equal to the damage sustained *594 by his vehicle in the accident, less the deductible provided in the policy.
Subsequently McQuiston instituted suit against Dungan and New York Fire seeking recovery for personal injuries as well as medical expense which included the sum of $543.00 previously received from his insurer, American. After institution of suit by McQuiston, American brought a separate action against Dungan and his aforenamed insurer praying for judgment for the sum paid its said insured for property damage and also for the sum of $543.00 paid McQuiston in medical benefits. The trial court found Dungan responsible for the accident and awarded judgment in the McQuiston suit in favor of plaintiff therein for a sum which included the medical expenses previously paid by American. In the action by American, the trial court rendered judgment in favor of said plaintiff for the amount paid McQuiston for property damage but rejected plaintiff's claim for the sum of $543.00 paid under the medical payments provision.
From that portion of the trial court decree rejecting its demand for the medical payments paid McQuiston, American has appealed. Defendants, Dungan and New York Fire, have appealed the judgment rendered against them in favor of McQuiston. They acknowledge the sole purpose of their appeal is to protect their interest in the event this court should reverse that portion of the judgment which denied American recovery for medical payments made to McQuiston and render judgment in favor of American for said disputed sum of $543.00.
It is conceded the policy issued McQuiston by American expressly provides for subrogation as regards the sum paid for property damage but contains no similar provisions with respect to the amounts paid pursuant to the medical payments clause. It is also admitted that American has not taken subrogation from its said insured with respect to the medical payments in question.
The dispute thus presented is essentially one between McQuiston and his said insurer. In substance American contends it is entitled to recover the medical payments involved under the well established law of this state to the effect that an insurer who pays a claim to its own insured because of injury or damage suffered as the result of some action of a third party tort-feasor is by law subrogated to the rights of the insured and may recover from such third party the amount thus paid despite the absence of either a subrogation clause in the policy or an express act of subrogation from the insured, or both. Plaintiff McQuiston maintains, however, that subrogation does not take place in such instances by operation of law. On this ground said insured argues that where the policy is silent as to subrogation, no subrogation takes place automatically by virtue of policy payments. Appellants, Dungan and New York Fire, acknowledge their liability to either McQuiston or American for the amount of medical payments in dispute but forcefully aver they should not, as a matter of equity, be compelled to respond in payment to both.
Prior to rendition of the Supreme Court decision of Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957), we believe the law fairly well settled, as contended by counsel for American, to the effect that the insurer who pays a claim to his insured is subrogated to the rights of the insured against the negligent third party causing the damage as a matter of law, even though the policy contained no subrogation clause, and the insurer did not obtain an express subrogation from the insured. London, Guarantee & Accident Ins. Co. v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771. In the London Guarantee case, supra, the Supreme Court reasoned that, in such instances, the right of subrogation takes place upon payment by virtue of the provisions of LSA-C.C. Article 2315. The rationale of the London case, supra, was that a party suffering a loss by virtue of his contractual obligation to another came within the purview of Article 2315, supra, which stipulates that "Every act whatever of man that causes damage *595 to another, obliges him by whose fault it happened, to repair it * * *." Subsequent to the London Guarantee case, supra, the rule therein enunciated was followed in numerous instances by the various courts of appeal. See for example, American Bankers Insurance Company of Florida v. Costa, 107 So.2d 76 (La.App. Orleans 1958); Lumber Mutual Fire Insurance Company v. Kemp, 102 So.2d 248 (La.App. 1st Circuit); John M. Walton, Inc., et al. v. McManus, 67 So.2d 130 (La.App. 1st Circuit); Lumbermen's Mutual Insurance Company v. Ruiz, 77 So.2d 84 (La.App. 1st Circuit). See also McDaniel v. Hearn, 158 So.2d 348 (La.App. 2nd Circuit) (1963).
The cases antedating Forcum-James Company v. Duke Transportation Company, supra, also evolved the rule that an insurer who paid his insured a claim arising from the negligence of a third party, was subrogated of right to the claim of the insured and could proceed against the tort-feasor therein without the necessity of either pleading or producing an act of subrogation. See John M. Walton, Inc. v. McManus, supra. See also McDaniel v. Hearn, supra, and cases therein cited.
We believe, however, as do our brothers of the Second Circuit, as indicated by their decision in McDaniel v. Hearn, supra, that the language employed by the Supreme Court in the Forcum-James Company case, supra, signifies intention on the part of the Supreme Court to alter the rule established in the London Guarantee case and the jurisprudence evolved as a result thereof. In this regard we cite the following language from Forcum-James Co. v. Duke Transportation Co., supra:
"It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation. * * *
"Even the broad language used in Article 2315 of our Code2 does not justify a departure from the above stated doctrine.3 Indeed, to permit a person to proceed against a wrongdoer in every instance where such person has sustained damage by reason of his contractual obligation to the injured party would open the door to the prosecution of claims for damages indirectly and remotely connected with the tortious act and encourage a multiplicity of suits from which numerous conflicts of interest might ensue. Parties situated in plaintiff's position can readily protect themselves by obtaining from the injured person a conventional subrogation of the latter's rights and, thus, the tort-feasor can be made to respond for the direct and foreseeable consequences of his act in a single suit."
Our colleagues on the Second Circuit, in McDaniel v. Hearn, supra, concluded the hereinabove quoted language from the Forcum-James Company case did not indicate complete repudiation by the Supreme Court of the rule laid down in London Guarantee, supra, but merely evidenced intention to require an act of subrogation from the insured as a condition precedent to the right of the insurer to recover a loss paid as the result of the negligent action of a third party. We are likewise in agreement that the tenor of the Forcum-James Company case, supra, does not appear to set aside the rationale of the London Guarantee decision, supra, to the effect the right of the insurer to proceed against the third party tort-feasor stems from LSA-C.C. Article 2315. We also view the cited language as holding that a third party having suffered loss because of his contractual obligation to another through the negligence of a third party, has a right of action against such third party but one that is too remote and indirect to support a direct action consequently a subrogation from the insured must be obtained before the insurer may bring such an action. The reason for the rule in the *596 Forcum-James Company case, supra, is therein stated to be prevention of multiple actions and elimination of the opportunity of harassment of a third party tort-feasor by the institution of numerous claims remotely and directly related to the tortious act. We believe the rule applicable to the case at bar. It follows that the insurer, American, having failed to obtain a subrogation agreement from its insured, is without right to a direct action against the third party tort-feasor, Dungan and his insurer. Forcum-James Company v. Duke Transportation Company, supra.
American contends the trial court erred in awarding McQuiston judgment against Dungan and New York Fire for the $543.00 medical payments previously received because such award in effect afforded said insured dual recovery. In support of said proposition, American relies primarily upon Gunter v. Lord, 242 La. 943, 140 So.2d 11. A careful reading of the Gunter case, supra, discloses it is inapposite to the case at bar. In the cited case a passenger who received payments under the medical expense clause of a policy sued the same insurer for the same medical expense under the liability provisions of the contract. The Supreme Court denied recovery in the second instance on the ground that to hold otherwise would allow the claimant dual recovery for the same expenses against the same insurer. We concede the binding effect of the cited decision but find it not decisive of the case at hand inasmuch as the claim herein asserted by McQuiston arises not under the policy issued him by American (and on which he has already collected), but rather springs from our general tort law, namely, Article 2315 LSA-C.C.
It is settled law that the injured claimant who receives payment from his insurer may nevertheless collect the entire amount of his damages from the third party tort-feasor. Thus in Gunter v. Lord, supra, the Supreme Court, after holding the law did not contemplate an injured party should collect damages twice from the same source, added:
"This is not to say, of course, that were the injured party wholly or partly indemnified for hospital or medical care by insurance effected and paid for by him or through some other source, and toward which the wrongdoer did not contribute, that the latter would benefit therefrom by a reduction of his damages in a suit by the insured party. Warren v. Fidelity Mutual Insurance Co. (La. Appeal), 99 So.2d 382; See 15 Am.Jur. 617, Damages, Sec. 201, and pocket part; and 13 A.L.R.2d 355."
In Warren v. Fidelity Mutual Insurance Company, 99 So.2d 382 (La.App. First Circuit), the claimant incurred medical expense in the sum of $802.25 as the result of injuries received in an automobile accident. Having received the sum of $650.00 pursuant to the medical payment provision of the policy issued her host driver, she sued the third party tort-feasor for the entire amount. In rejecting the claim of the insurer of the tort-feasor that it should receive credit for the prior payments, the court stated:
"Defendant's allegation that it is entitled to credit for the $650 of this amount paid under the medical payments clause of the liability insurer of the car in which Mrs. Warren was riding is contrary to the settled jurisprudence that the injured person may recover the full amount of his loss from the tortfeasor or his insurer even though the loss is partially or wholly made good by another insurer. (Several Louisiana cases cited.)"
In its brief before this Court American simply prays for judgment in its suit against Dungan and New York Fire for the additional sum of $543.00 paid its insured under the medical payment clause of the policy. Said appellant does not pray alternatively for judgment in said amount against its said insured. Additionally, American assigns as error only the action of the trial court in awarding its insured *597 judgment for medical expenses paid and failing to award said sum to American who paid its insured's expenses.
In its action against Dungan and his said insurer, American prays only for judgment against said defendants by virtue of alleged subrogation. American did not join as defendant in its said action, its insured, and neither did it request therein any relief against its said insured, even in the alternative. Moreover, American did not intervene in McQuiston's suit against Dungan and his insurer. Similarly, McQuiston did not ask in his action against Dungan and New York Fire for determination of his rights to sue for medical expenses paid as opposed to any claimed right asserted by American against these same defendants, notwithstanding the consolidation of these matters for trial. It is of utmost significance that neither plaintiff in these conjoined matters intervened in the action instituted against the same defendants by the other. Nor did either plaintiff in these associated suits file any pleading, exception or make any appearance whatsoever in the action with which their own causes were voluntarily combined. No relief has been asked by either plaintiff as against the other in any pleading filed herein either upon trial or appeal. Neither plaintiff has served the other with process of any character whatsoever.
We concede our research of the subject has failed to disclose any precedent dispositive of the question of our authority or lack thereof to adjudicate herein the rights of the insurer, American, to recover from its insured the medical payments made under the policy. We conclude, however, we are without jurisdiction, under the circumstances to adjudge any issue between said insurer and its insured at this juncture. We are of the opinion that the question presented is basically and fundamentally one of jurisdiction since neither of said parties has joined issue with the other on any question whatsoever.
We express no opinion herein regarding the rights of said insurer as against its said insured. We can determine such question only in a proper adversary proceeding involving said parties.
Accordingly, the judgment of the trial court in both these consolidated matters is affirmed, separate judgments to be rendered in each suit.
In the instant matter, American Indemnity Company v. New York Fire & Marine Underwriters, Inc., No. 6890, on the Docket of this Court, all costs in the trial court and on appeal are assessed against plaintiff, American Indemnity Company.
Affirmed.