GLADNEY, Judge.
This tort action was brought by plaintiffs, Mount Beacon Insurance Company and Bobby R. Johnson, to recover $228.59 and $100.00 respectively for damages to Johnson’s automobile arising out of a collision with an automobile owned and operated by defendant Willie Mills. The Johnson vehicle, insured under a collision policy with Mount Beacon, was damaged to the extent of $328.59. After the accident Mount Beacon subject to the $100 deduction contained in the policy, paid Johnson $228.59 for his property damage and received a subrogation for that amount. Defendant filed a declina-tory exception of lack of procedural capacity alleging Mount Beacon was not authorized to do business in Louisiana. This exception was sustained. In order to correct the lack of procedural capacity, Johnson filed an amended petition in .which all reference to Mount Beacon and any allegations of subrogation were deleted, and demanded the total amount of the loss in his name alone. The trial court rendered judgment for Johnson for $328.59. On rehearing, the judge reduced the award to $100.00. From this judgment Johnson has appealed.
The issue presented on appeal is whether an insured may recover the entire cost of repairs to his insured automobile from the defendant tort-feasor when a portion of the cost has been paid by the insurer. The answer to this question is found in Article 697 of the Louisiana Code of Civil Procedure which is stated below:
“An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
(1) The subrogor and the subrogee, when the subrogation is partial; or
(2) The subrogee, when the entire right is subrogated.”
Official Revision Comment (c) of the above article states:
“(c) A failure to comply with this article produces different results, depending on the circumstances. If there has been a total subrogation and the suit is brought in the name of the subrogor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff — the subrogee. If there has been a partial subrogation, and the suit is brought only by the subrogor or the subrogee, there is a nonjoinder of a necessary party. See Art. 642, supra. If the defendant fails to object timely to the nonjoinder of a necessary party, in a case of partial subrogation, the objection is waived and the court may make an adjudication. But if, in such a case, the partial subrogation is proven, the plaintiff may recover only his interest in the partially subrogated claim.” [2 LSA-C.C.P. Art. 697(c)]
The above article was cited in the case of Bell v. Duplessis, La.App., 150 So.2d 114 (4th Cir.1963) where the court stated:
“Plaintiffs were partial subrogor and sub-rogee. Under LSA-C.C.P. Art. 697 they *146 were required to prosecute their claims as joint plaintiffs in one action.” [150 So.2d 114,116]
See also McDaniel v. Hearn, La.App., 158 So.2d 348 (2nd Cir.1963) and Younger v. American Radiator, etc., La.App., 193 So.2d 798 (3rd Cir.1967). There is no question that partial subrogation does exist in this case since plaintiff admits this fact in his brief and in his petition.
Appellant relies on the cases of Clemens v. Southern Advance Bag & Paper Company, Inc., La.App., 22 So.2d 68 (2nd Cir. 1945) and American Indemnity Company v. New York Fire & Marine Underwriters, La.App., 196 So.2d 592 (1st Cir.1967). The Clemens case is not applicable because it was decided before the adoption of Article 697 of the Civil Code of Procedure which changed the prior Louisiana jurisprudence on this issue. In American Indemnity the court held the insured, who had not subro-gated his right under the policy to the insurer, was entitled to the recovery of medical payments from the defendant tort-feasor. The insurer likewise had a demand against the tort-feasor predicated on its payment of such medical expenses which it had paid to the insured. The court gave as its reasons for decision:
“* * * We also view the cited language as holding that a third party having suffered loss because of his contractual obligation to another through the negligence of a third party, has a right of action against such third party but one that is too remote and indirect to support a direct action consequently a subrogation from the insured must be obtained before the insurer may bring such an action. * * *” [196 So.2d 592, 595]
Thus it was held that in the absence of conventional subrogation in a tort claim the insurer was without right to bring a direct action against the tort-feasor. In the instant case Mount Beacon Insurance Company was in fact subrogated to the rights of Bobby Johnson to the extent of its payments and therefore under C.C.P. Art. 697 the
right of action by Bobby Johnson was limited to that portion of the claim unpaid by his insurer.
For the reasons assigned, the judgment appealed from is affirmed; costs to be paid by the appellant.