211 So.2d 735 (1968)
Robert Lynn PHILLIPS, Sr. and Mrs. Dewanna Ann Whittington Phillips, Plaintiffs-Appellees and Appellants,
v.
Jerry GARDEN and Stonewall Insurance Company, Defendants-Appellants.
No. 11020.
Court of Appeal of Louisiana, Second Circuit.
June 4, 1968.
Rehearing Denied July 1, 1968.
*736 McKeithen & Mouser, Columbia, for plaintiffs-appellants.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for defendants-appellants.
Irwin R. Sanders, New Orleans, for appellant-intervenor.
Leonard, Wootan & Lemoine, New Orleans, for defendant-appellee.
Before AYRES, BOLIN and WILLIAMS, JJ.
BOLIN, Judge.
This is one of five consolidated tort cases arising out of a collision between a 1960 Ford automobile owned by Lillie Mae Walker, driven by Jerry Garden, and a 1963 Dodge owned by Robert Glynn Phillips, driven by his wife, Dewanna Ann Phillips. At the time of the accident there were guest passengers in both vehicles. Mr. George D. Robinson had parked his vehicle near the scene prior to the accident. All occupants of the Ford and Dodge automobiles, as well as Robinson, were injured; the Phillips baby was killed and the two cars damaged. By appropriate pleadings, third-party demands, petition for declaratory judgment, an intervention, etc., multiple questions were put at issue. Separate judgments were rendered and the aggrieved parties appeal.
Since the lower court assigned no written reasons for its judgments we shall set forth our findings of fact. The accident occurred on Louisiana Highway #15 in Franklin Parish about 7:20 o'clock P.M. on January 1, 1966. The blacktop highway *737 runs in a north and south direction and is approximately 24 feet wide. It had been raining and a slight drizzle was falling when the collision occurred. Immediately prior to the accident Mrs. Phillips was driving a community-owned automobile south. She was accompanied by her mother, Mrs. Minace Whittington, who was sitting on the front seat of the car holding the 13-month-old child of Mr. and Mrs. Phillips. While Mrs. Phillips was driving her automobile at a reasonable rate of speed, with all lights burning properly, she was forced from the hard-surfaced portion of the highway by an unidentified northbound vehicle. In her effort to prevent a head-on collision she veered to the right onto the shoulder of the road losing control of her car. Her vehicle finally came to rest crossways of the highway, partially blocking both lanes of traffic, where the motor stopped and she was unable to start it. George D. Robinson, who was driving his car north on the same highway, observed the stalled vehicle in the highway. He drove his car partially onto the right shoulder around the Phillips car and parked off the road, leaving his lights on dim. He then returned to render aid to Mrs. Phillips. Being unable to start her car Mrs. Phillips alighted and Robinson entered the Phillips car to try to start it. While the Phillips car was thus stalled across the highway it was struck by the southbound Ford automobile driven by Jerry Garden. Woodrow Bell and Curtis Grimble were guests in the Garden vehicle.
At the time of the accident the Phillips car was insured by Stonewall Insurance Company under a policy containing family automobile liability and uninsured motorist coverage with exposure under the uninsured provision being limited to $10,000 for each person, $20,000 each accident for bodily injuries and $5,000 for property damage in each accident. There was no liability insurance in force on the Ford driven by Jerry Garden.
In the present case Mr. and Mrs. Phillips sued Garden and Stonewall to recover damages for personal injuries to Mrs. Phillips and for the wrongful death of the infant child. The original petition filed on June 27, 1966, made no claim for property damage although article 11 thereof avers the automobile was totally destroyed and that Mr. Phillips sustained damages in the amount of $1,100. The Phillipses alleged the accident was due solely to the negligence of Garden entitling them to recover against Stonewall under the uninsured motorist coverage. Stonewall having previously filed an action for a declaratory judgment filed preliminary motions of lis pendens. Garden denied liability and, alternatively, alleged contributory negligence against Mrs. Phillips. On January 3, 1967, Calvert Fire Insurance Company, as subrogee, filed a petition of intervention, without leave of court, seeking reimbursement for its payment to Phillips of damage to his automobile under a policy of collision insurance issued by it covering this car. To the petition of intervention Stonewall filed a motion to dismiss alleging intervenor had not obtained leave of court, as required by Louisiana Code of Civil Procedure article 1033, and, further, that Calvert had no cause and no right of action against defendant under C.C.P. 1091. Garden and Lillie Mae Walker filed similar exceptions to the petition and subsequently filed answers. On March 23, 1967, plaintiffs filed a supplemental and amending petition asking for an additional sum of $1,100 for damage to their vehicle. Defendants objected and the pleadings were allowed subject to such objections. Defendants filed pleas of prescription to the amended petition and to the petition of intervention of Calvert Insurance Company and answers to plaintiffs' amended petition, and the intervention of Calvert. Similar pleadings were filed on behalf of Garden.
Mr. Phillips was awarded judgment in solido against Garden and Stonewall for $4,757.12 and additional judgment against Garden for $1,347.38. Mrs. Phillips was awarded judgment against Garden and Stonewall in solido for $3,896.41 and, additionally, against Garden for $1,103.59.
*738 The pleas of prescription to the property damage claim of Phillips and subrogation claim of Calvert were sustained. From this judgment Stonewall, Phillips and Calvert appeal.
In suit #11,021, Mrs. Minace Whittington v. Jerry Garden and Stonewall Insurance Company, La.App., 211 So.2d 741, plaintiff sued defendants for personal injuries and property damage alleging the accident was due solely to the negligence of Garden, which rendered Stonewall liable in solido for its policy limits under the uninsured motorist coverage. Mrs. Whittington was awarded judgment in solido against defendants for $1,591.47, the sum of $245 being specified as property damage. Plaintiff was awarded an additional judgment against Garden for $441.36, and Stonewall appeals.
In suit #11,022, Jerry Garden and Lillie M. Walker v. Robert L. Phillips et al., La. App., 211 So.2d 741, plaintiffs sued Mr. and Mrs. Phillips, Stonewall, Robinson and his liability insurer, Employers Insurance Company, seeking to recover damages for Garden's personal injuries and for property damage to Lillie Mae Walker's Ford automobile. From judgment rejecting plaintiffs' demands, they appeal.
In suit #11,023, Woodrow Bell and Curtis Grimble v. Robert L. Phillips et al., La. App., 211 So.2d 742, plaintiffs sued the same defendants named in suit #11,022 alleging the accident was due to the joint negligence of Mrs. Phillips and Mr. Robinson. From judgment rejecting plaintiffs' demands, they appeal.
In suit #11,024, George D. Robinson v. Jerry Garden et al., La.App., 211 So.2d 742, plaintiff sued Garden and Stonewall alleging the accident was due solely to Garden's negligence which rendered Stonewall liable under the uninsured motorist provision of its policy. From judgment in favor of plaintiff against Garden and Stonewall in solido for $10,000 and against Garden, individually, for an additional sum of $3,985.64, Stonewall appeals.
The first issue is the determination of whose fault or negligence caused the accident and the resulting property damage, personal injuries and death of the infant child. If the version of the accident as given by Mrs. Phillips is true she must be found free of fault. The trial judge apparently believed her account of how the collision occurred and we find ourselves in agreement with this conclusion. While it is true Mrs. Phillips was unable to identify or produce eyewitness testimony of the approaching motorist who allegedly forced her off the road to avoid a head-on collision we find the surrounding facts and testimony of other witnesses support this fact. Under these circumstances Mrs. Phillips was faced with a sudden emergency created entirely by the negligence of the driver of the oncoming vehicle and her evasive action of veering her car off the road to the right was not unreasonable under the circumstances, nor is she accountable for the subsequent movement of the vehicle after she had lost control.
The law provides that when a motorist is faced with a sudden emergency created solely by the negligence of another party he is not required to act in a calm, cool and collected manner but is only held to the same standard of care as would be required of a reasonable, prudent person under the same circumstances. We find no negligence on the part of Mrs. Phillips in immediately alighting from the stalled car in order to allow Mr. Robinson to attempt to start the motor and move the vehicle. We likewise find Robinson free of negligence in driving his car completely off the road, parking it and leaving the lights on dim for the purpose of determining whether he could render aid to the stalled Phillips car which was obviously in a hazardous position.
When Robinson entered the Phillips car in order to try to start it the door was left open, which caused the inner dome light to burn. The evidence satisfies us that in addition to the dome light being on, the front and rear lights of the Phillips car *739 were all burning and in working order. The lights on the Robinson vehicle were on dim and should and did not have any blinding effect on Jerry Garden. Thus, as Garden approached the Phillips vehicle, driving in a southerly direction, he should have observed the obstacle partially obstructing his lane of travel and have taken evasive steps to avoid the collision.
While it cannot be ascertained exactly how long the Phillips car was in this hazardous position on the highway we think it was no more than two minutes before the collision occurred. Under these circumstances we find there was no negligence on the part of Mrs. Phillips or Mr. Robinson in failing to put out flares or to take other steps to warn other motorists using the highway. We find Mrs. Phillips and Mr. Robinson were doing all that reasonable and prudent people would do under the same circumstances when confronted with an emergency created by the negligence of an unknown motorist. We further conclude Jerry Garden was negligent in failing to keep a proper lookout and to observe what he should have seen in time to take evasive action.
Counsel for appellants cite Vowell v. Manufacturers Casualty Insurance Company et al., 229 La. 798, 86 So.2d 909 (1956) to support their contention that Garden was free of negligence. The cited case held that where vision was impaired by darkness or otherwise, a motorist who parked his truck on the highway in such a manner as to block traffic was negligent where the parked vehicle had no visible tail-lights or signals. The Vowell case is distinguishable from the instant case in that the Phillips car was clearly visible because of its headlights, tail-lights and dome light.
Left for consideration are the legal issues related to the pleas of prescription, motion to dismiss, determination of whether certain losses are to be termed property damage or personal injury and interpretation of the policy provisions. Specifically:
1. May the subrogee, collision insurer of the damaged vehicle, file an intervention in the principal suit after answers have been filed without leave of court and, if so, must he assert this claim within a year of the original accident?
2. May original plaintiff amend his petition more than a year after the occurrence of the accident in order to claim property damage which he has failed to itemize in his original prayer although he has alleged the loss in the body of the petition?
3. Are eyeglasses and dentures which are damaged or lost by a person otherwise injured in an accident considered as `personal injuries' or as `property damage'?
Considering first the subrogation claim of Calvert, intervenor, we think the lower court was correct in dismissing or rejecting this claim for a number of reasons. Stonewall filed pleas of prescription, no right and no cause of action and a motion to dismiss because of the failure of Calvert to obtain permission of the court for the filing of the intervention after answers filed. Louisiana Code of Civil Procedure, Article 1033 provides:
"An incidental demand may be filed without leave of court at any time up to and including the time the answer of the principal demand is filed.
"An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1006 or 1092." (Emphasis added.)
Clearly, this intervention is an incidental demand under La.C.C.P. 1031 and no contention is made that leave of court was requested or granted. Neither article 1066 nor 1092 is relevant to the present issue and as a consequence it was necessary for Calvert to obtain permission before filing its intervention. This it did not do and upon this ground alone it should have been dismissed. In addition, the uninsured motorist clause of the subject policy specifically *740 negates coverage for loss paid by another insurer:
"This endorsement does not apply: * * (e) so as to inure directly or indirectly to the benefit of any insurer of property."
In view of this express provision of the policy upon which Calvert's claim is based we consider the latter's claim to be unenforceable against Stonewall.
With regard to the question of whether Phillips' amending petition asking that the total award to him be increased to include the full amount of his claim for the loss of his automobile we consider pertinent the provisions of Louisiana Code of Civil Procedure 697:
"An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
(1) the subrogor and the subrogee, when the subrogation is partial; or
(2) the subrogee when the entire right is subrogated."
From this we conclude Phillips, having been paid all of his car damage, less $50, and having subrogated Calvert to his rights, has only the right to recover $50 thereof, which sum represents the deductible portion of his collision coverage. (La. C.C.P. 681.) Although the supplemental and amending petition was not filed by Phillips until the day of trial, which was more than a year after the accident, we conclude there was sufficient allegation in Article 11 of his original petition, setting forth that he had suffered damage in the amount of $1,100 for loss of his car, to entitle him to amend and establish his right to the $50 deductible under La.R.S. 9:5801:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. * *"
We conclude Phillips is entitled to recover his proportionate share of any award for property damage in excess of $250.
Considering last the question of whether, under the uninsured motorist clause, breakage of false teeth and loss of eyeglasses constitute property damage or personal injury, we note the judgment in favor of Mrs. Whittington in suit #11,021 clearly states this was property damage recoverable under that portion of the uninsured motorist clause of Stonewall's policy. The insurer points out there is a $250 deductible provision for property damage which, if applicable, would preclude this award; further, if this is considered as personal injury the amount awarded will exceed by $245 the $20,000 coverage under the personal injury provision of the policy. For these reasons the company seeks to have this court declare the eyeglasses and dentures are part of the personal injury claim and, therefore, it should not be held liable for the excess over policy limits.
Supporting this latter contention the insurer cites Pittman v. Fowler, La.App. 3 Cir. 1966, 191 So.2d 172, 174, wherein the court held "loss of wages" should be classified as resulting from "bodily injury" and not as "property damage". The issue as to classification of loss or breakage of eyeglasses and dentures appears to be a novel one. Independent research by the court has uncovered neither jurisprudence nor statutory rules which would assist the court in such classification. Since there is no evidence that Mrs. Whittington suffered any personal injury by reason of the breaking of her eyeglasses or dentures we are inclined to the view that they must be considered as property. Hence, if the claim is recoverable it is from the $5000 coverage for property damage. Since the endorsement relative to damages resulting from the negligent act of an uninsured motorist specifically provides the first $250 of property loss will not be paid by the company, we conclude Mrs. Whittington's recovery for these items must be her proportionate share *741 of the total amount recoverable as property damage in excess of $250.
For the reasons assigned it is ordered the judgment appealed from be reversed insofar as it sustained the plea of prescription filed on behalf of defendants with respect to the claim of Robert Lynn Phillips, Sr. for property damage and such plea is overruled.
It is further ordered the judgment appealed from is amended and there is judgment in favor of Mr. Phillips and against Stonewall Insurance Company in the additional amount of $7.63 representing his proportionate share of the $295 allowable as property damage to all claimants, less $250 deductible under the uninsured motorist provision of the policy.
In all other respects the judgment appealed from is affirmed at defendants' costs.