FRUGÉ, Judge
The plaintiff, Wayne Acrey, instituted this action to recover damages sustained when a truck belonging to Cotton Brothers Baking Company, and being driven by its employee, collided with the truck owned by and being driven by the plaintiff.
The accident in question occurred on Highway 27, approximately two miles south of Sulphur, Louisiana. The accident occurred at approximately 5:15 a. m. on July 2, 1969. The Cotton Brothers’ truck, being driven by its employee, was proceeding in a southerly direction on Louisiana Highway 27, and at the same time, the pick-up truck, belonging to the plaintiff, was proceeding north on Highway 27. As the two vehicles approached each other, both vehicles dimmed their headlights, and at that point, the delivery truck being driven by the employee of Cotton Brothers Baking Company, struck a horse on the highway, causing the truck to swerve to the left across the northbound lane; whereupon the company truck collided with the vehicle being driven by Mr. Acrey.
Among the damages alleged and claimed by the plaintiff in his original petition, was the sum of $100 as his deductible portion for damage to his pick-up truck. The truck had been totally destroyed, and the plaintiff had already collected all but the $100 deductible sum fróm his collision insurer. This suit was filed on June 19, 1970, and *431 then on November 13, 1970, the plaintiff filed an amending and supplementing petition in which he alleged and prayed for damage to the pick-up truck in the full sum of $2,576.11. The defendant answered the amended petition denying the allegations.
During the course of the trial, it was determined that Mr. Acrey’s truck was a total loss and that he had collected all but $100 of the total value of the truck from his collision insurer and executed a conventional subrogation to his insurer, Trinity Universal Insurance Company.
At the conclusion of the trial, the defendant filed exceptions of no right of action and prescription directed to the plaintiff’s claim for the amount of damages to his vehicle in excess of $100.
Following a trial on the merits, the District Court overruled defendant’s exception of no right of action and prescription and rendered judgment in favor of the plaintiff, including the entire amount sustained due to the loss of the plaintiff’s vehicle. From this judgment, the defendant perfected the instant appeal.
Among the several issues presented by this appeal, we take up first the issue of liability. In his written reasons for judgment, the District Judge stated:
“The liability issue is rather clear. Mr. Wayne R. Acrey was driving down the highway in his own lane and saw some horses in the road and stopped. Mr. James E. Chargois, driver for defendant, saw at least one horse and hit two and then came over into Mr. Wayne R. Ac-rey’s lane and hit his truck causing it to be a total loss.
"Mr. James E. Chargois did not have his car under proper control and was not maintaining a proper lookout and the accident resulted from his negligence.”
The defendant contends that the employee was driving his employer’s truck in a reasonably prudent manner, and that he was suddenly faced with an emergency not of his own making, when at least two horses suddenly appeared on the highway in his lane of traffic. We cannot agree that the doctrine of sudden emergency applies in this case.
It is rather clear, from the facts determined in this case, that the plaintiff saw the horses on the highway considerably sooner than they were seen by the driver of the Cotton Brothers’ vehicle. The trial Court found that in fact the defendant’s employee failed to maintain a proper lookout and failed to see- what he could have seen on the highway. Under these facts, we cannot say that the defendant’s employee was faced with a sudden emergency not of his own making. It is clear on these facts that the defendant’s employee contributed to the emergency situation by failing to keep a proper lookout and failing to keep his vehicle under reasonably proper control.
The plaintiff apparently saw the horses at a distance great enough to permit him to apply his brakes and skid to a stop before reaching the point where the horses had been hit in the road. The testimony developed at the trial indicated that Mr. Acrey was already skidding to a stop before the employee of the defendant even saw the horses, and it is upon this basis that the trial court concluded that the defendant’s employee was not keeping a reasonably proper lookout. The evidence in the record is sufficient to support such a finding, and we find no manifest error in the trial judge’s determination that the defendant’s employee negligently failed to maintain a proper lookout.
Defendant-appellant contends that the trial judge erred in awarding more than the $100 deductible amount to the plaintiff for the damage sustained to his vehicle. The appellant further argues that the court’s award for general pain and suffering, in the amount of $2,400, was manifestly excessive, and that the trial court erred in awarding $1,338.75 in loss of wages.
*432 The appellant contends that the trial court erred in rendering judgment in favor of the plaintiff for the amount of damage to his vehicle in excess of the $100 deductible portion. The appellant contends that since the plaintiff recovered the amount of value of his vehicle from his collision insurer, less the $100 deductible, and since plaintiff’s original suit filed within the one year prescriptive period alleged only $100 damages owing for the damage to the vehicle, that the plaintiff, could not subsequently amend his petition, seeking more than this amount.
The appellant argues that since the plaintiff gave his collision insurer subrogation rights for any claim the plaintiff might have to recover for his vehicle and fully released his collision insurer, and since it was more than one year after the accident when the plaintiff amended his petition, that the amount of the claim in excess of the $100 deductible portion was barred by prescription.
The act of subrogation contains the usual provisions authorizing the insurer to file suit against any third party responsible for the accident, either in the name of the subrogor or the subrogee, or both. However, the act of subrogation does not authorize the subrogor to file suit, either in his own name or in the name of the subro-gee, or both, for that portion of the claim which was subrogated.
Plaintiff-appellee relies heavily upon Carl Heck Engineers, Inc. v. Daigle, 219 So.2d 294 (La.App. 1st Cir., 1969). However, that suit is unlike the case at bar in that the insured and insurer entered into a written agreement providing that a suit could be filed in the name of the insured for the entire damage to the automobile, and also provided that the insured would hold the amount paid by the insurer in trust in the event of recovery. In that case, the Court of Appeal overruled the District Judge, who had held that the subrogation was partial and that both the subrogor and subrogee had to be joined. That holding of the appellate court was based upon the written instrument executed between the insured and insurer, authorizing the subro-gor to file a suit for the entire amount of damages, in the name of the subrogor alone. This is not the case here.
C.C.P. Article 697 provides that where there has been a subrogation, it shall be enforced by:
“(1) The subrogor and the subrogee, when the subrogation is partial; * * * f>
In the present case, the subrogation was partial and, therefore, it was necessary that both the subrogor and subrogee join in the suit. The subrogee failed to file his suit within a year after the accident, and it is obvious that the amendment by plaintiff was an attempt to circumvent prescription in its behalf. Plaintiff had already received and disposed of that portion of the claim above the $100 deductible, and clearly had no right of action to file the suit for that portion of the damages at the time he instituted the present proceedings.
Plaintiff argues that in the present case, the act of subrogation authorizes a suit for the entire damage to the car in the name of the subrogor. The act of subrogation does provide that subrogee can file suit against third party, either in its name or in the name of the subrogor, or both. But, the opposite is not true. The act does not authorize a subrogor to file suit in his name as agent for the' subrogee.
We think the correct interpretation of C.C.P. Article 697 was rendered in Younger v. American Radiator & Standard San. Corp., 193 So.2d 798 (La.App. 3rd Cir., 1967) writ refused; Phillips v. Garden, 211 So.2d 735, (La.App. 2nd Cir., 1968); Mount Beacon Insurance Company v. Mills, 205 So.2d 144 (La.App. 2nd Cir., 1967).
The Phillips case is strikingly similar to the present case. In that case, within one year after the accident, Phillips filed suit against his insurer under the uninsured motorists coverage of his policy for dam *433 ages caused by personal injury. He alleged that his automobile sustained $1,100 in damages, but did not seek recovery for this amount because he had recovered all but the $50.00 deductible from his own collision insurer. More than a year after the accident, he filed a supplemental petition seeking the full $1,100 property damage to his automobile. The court allowed Phillips to recover the $50 deductible under the supplemental petition, but refused to allow him to recover the remainder of the $1,100 to his vehicle since he had no right of action as to this claim at the time he filed the suit. The court cited C.C.P. Article 697, and obviously concluded the claim above $50.00 had prescribed. We conclude that plaintiff had no right of action to bring the action for damage done to the truck above the $100 deductible and on this point, think the trial court erred in overruling the exception.
During the course of the trial, the plaintiff testified that at the time of the injury, he was earning $5.25 per hour, and it was further established that the plaintiff missed three weeks of work because of the injuries sustained in the accident. We think the trial judge properly awarded the amount of lost wages which the plaintiff incurred because of the accident.
Defendant-appellant argues that the trial judge erred in awarding $2,400 for pain and suffering. The testimony of Dr. Smith indicated that Mr. Acrey had sustained a great deal of trauma and that substantial bruises and injuries were sustained by the plaintiff. The injuries were sufficient to cause him to be unable to return to work for a period of three weeks. We do not find that the court abused its great discretion in awarding this amount for general pain and suffering. While the amount awarded might not be what this court would have awarded under the circumstances, we cannot say that the award was clearly or manifestly excessive. The award is amply justified by the record, and this court will not reduce such an award in the absence of a clear showing that the amount awarded is manifestly excessive.
For the above and foregoing reasons, the judgment is reduced by $2,262.03; and as amended in every other respect, the judgment appealed from is affirmed. All costs to be paid by the defendant-appellant.
Amended and affirmed.